UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| GREG ADKISSON, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:13-CV-505-TAV-HBG *Lead Case Consolidated with* |
| KEVIN THOMPSON, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:13-CV-666-TAV-HBG as c*onsolidated with* |
| JOE CUNNINGHAM, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:14-CV-20-TAV-HBG |
| BILL ROSE, Plaintiff, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:15-CV-17-TAV-HBG |
| CRAIG WILKINSON, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:15-CV-274-TAV-HBG |
| ANGIE SHELTON, as wife and next of Kin on behalf of Mike Shelton, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., et al., Defendants. | ) ) ) ) ) ) ) ) | No.: 3:15-CV-420-TAV-HBG |

| | |
|---|---|
| JOHNNY CHURCH,<br>　　　Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC., et al.,<br>　　　Defendants. | No.: 3:15-CV-460-TAV-HBG |
| DONALD R. VANGUILDER, JR.,<br>　　　Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>　　　Defendant. | No.: 3:15-CV-462-TAV-HBG |
| JUDY IVENS, as sister and next of kin,<br>on behalf of JEAN NANCE, deceased,<br>　　　Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>　　　Defendant. | No.: 3:16-CV-635-TAV-HBG |
| PAUL RANDY FARROW.,<br>　　　Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>　　　Defendant. | No.: 3:16-CV-636-TAV-HBG |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

## TABLE OF CONTENTS

ARGUMENT………………………………………………………………...……………..1

    I.     The Court's Order Denying a New Trial Does Not Present a Controlling Question of Law Under 28 U.S.C.§ 1292(b)..……………………………………...2

    II.    There Are No Substantial Grounds for Differences of Opinion as to the Issues of Law Raised in Defendant's Motion……………………………………….…7

    III.   An Interlocutory Appeal Would Not Advance the Ultimate Resolution of this Litigation…………………………………………………………………....…..8

CONCLUSION…………………………………………………………………………..10

# CITATIONS

## *Cases*

*In Re City of Memphis,* 293 F.3d 345 (6th Cir. 2002) ………………………….......1-3, 9

*Kraus v. Bd. of Cty. Rd. Comm'rs for Kent Cty.,* 364 F.2d 919 (6th Cir. 1966) ……………………..1

*Equal Emp't Opp. Comm. v. Dolgencorp, LLC,* 206 F.Supp.3d 1309 (E.D. Tenn. 2016) …...1-2, 9

*Novacor Chemicals Inc. v. GAF Corp.,* 164 F.R.D. 640 (E.D. Tenn. 1996) ………………..1, 3, 6

*Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368 ………………...……………………..1

*Sinclair v. Schriber*, 834 F. 2d 103 (6th Cir. 1987) ……………………………………………..1

*Trollinger v. Tyson Foods, Inc*., No. 4:02–CV–23, 2006 WL 2868980 (E.D. Tenn. Sept. 29, 2006) ……………………………………………………………………..………1

*Gen. Acquisition, Inc. v. GenCorp*, 23 F.3d 1022 (6th Cir. 1994) ……………………......….1

*Gieringer v. Cincinnati Ins. Cos*., 2010 WL 2572054 (E.D. Tenn. 2010) ……………...1, 3, 6-7

*United States v. Stone*, 53 F.3d 141 (6th Cir. 1995) ……….…………………………………2

*Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978) ……………………………..………..2

*Camacho v. P.R. Ports Auth.,* 369 F.3d 570 (1st Cir. 2004) ……………………...……...2

*United States Rubber Co. v. Wright,* 359 F.2d 784 (9th Cir. 1966) ……………………...…2

*In re Baker & Getty Fin. Servs., Inc. v. Nat'l Union Fire Ins. Co.,* 954 F.2d 1169 (6th Cir. 1992)….2

*Debakker v. Hanger Prosthetics & Orthotics East, Inc*., 2010 WL 11520024 (E.D. Tenn. 2010)...3

*United States v. Atlas Lederer Co.*, 174 F. Supp. 2d 666 (S.D. Ohio 2001) ………………3

*In re Flor*, 79 F.3d 281 (2d Cir. 1996) ……………………………………………………3

*Sanderson Farms, Inc. v. Gasbarro,* 2007 WL 3402539 (S.D. Ohio 2007) ……………………3

*In re Pilch,* 2007 WL 1686308 (W.D. Mich. 2007) …………………………………………..3

*In re ASC Inc.,* 386 B.R. 187 (E.D. Mich. 2008) ……………………………………………3

*Milliken v. Bradley,* 433 U.S. 267 (1977) ……………………………………………………4

*Swann v. Charlotte-Mecklenburg Bd. of Educ.,* 402 U.S.1 (1971) ……………………………5

*Martin v. Behr Dayton Thermal Prod. LLC,* 896 F. 3d 405 (6th Cir. 2018) ……………...5, 8

*Ennix v. Clay,* 703 S.W. 2d 137 (Tenn. 1986) …………………………………………...…5-6

*Adkins v. Ford Motor Company,* 446 F.2d 1105 (6th Cir. 1971)…………..…………………5

*Tutton v. Patterson,* 714 S.W.2d 268 (Tenn. 1986) ………………………………………5

*Alex v. Armstrong,* 385 S.W. 2d 110 (Tenn. 1964) ……………………………………….....5

*In re Estate of Marks,* 187 S.W.3d 21 (Tenn. Ct. App. 2005) ……………………………..5

*Anderson v. Mason,* 141 S.W.3d 634 (Tenn. Ct. App. 2003) ……………………………..…6

*Valentine v. Conchemco, Inc.,* 588 S.W.2d 871 (Tenn. Ct. App. 1979) …………...……………6

*Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Michigan*, No. 04–73400,
2009 WL 3390244 (E.D. Mich. Oct. 20, 2009) …………………………………………....7

*Hurley v. Deutsche Bank Trust Co. Americas,* No. 1:08–CV–361, 2009 WL 1067314
(W.D. Mich. Apr. 21, 2009) ………………………………………………………….……7

*Wausau Bus. Ins. Co. v. Turner Constr. Co.,* 151 F.Supp.2d 488 (S.D.N.Y. 2001) …….……….7

*Kapossy v. McGraw–Hill, Inc.,* 942 F.Supp. 996 (D.N.J. 1996) ……..……………………….…7

*In re Trump*, 874 F.3d 948 (6th Cir. 2017) ……………………………………………………...7

*Cingilli v. L2 Boards, LCC,* 2017 WL 6520534 (E.D. Tenn. 2017) ……………………....…8-9

*In re Buccina*, 657 Fed. Appx. 350 (6th Cir. 2016) …………………………………………….8

*In re Miedzianowski,* 735 F.3d 383 (6th Cir. 2013) …………………………………..………8

*Olden v. LaFarge Corp.,* 383 F.3d 495 (6th Cir. 2004) …………………………………....….8

*Blyden v. Mancusi,* 186 F.3d 252 (2d Cir. 1999) ………………………………………………8

*In re Rhone-Poulenc Rorer Inc.,* 51 F.3d 1293 (7th Cir. 1995) ……………………………...…8

*United States ex rel. Martin v. Life Care Centers of Am., Inc.,* 2014 WL 12638480
(E.D. Tenn. Nov. 24, 2014) ……………………………………..…………………………9

*W. Tenn. Chapter of Associated Builders & Contractors, Inc.,* 138 F. Supp. 2d 1015
(W.D. Tenn. 2000) …………………………………………….……………..…………..9

*Kelley v. Apria Healthcare, LLC,* 232 F.Supp.3d 983 (E.D.Tenn. 2017) …………………….9

### ***Statutes and Other Authorities***

28 U.S.C. § 1292(b) …………………………………………………………………....1, 2, 7, 9

16 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3930 (3d. ed. 2012) ....4, 9

Tenn. Code Ann. §§ 20-9-502 …………………………………………….……………………5

Tenn. Code Ann. §§ 20-9-503 …………………………………………….…..………………..5

2 Tenn. Cir. Ct. Prac. § 26:3 (2018) …………………………………………….…………........6

2 Newberg on Class Actions § 4:92 (5th ed. 2010)…………………………………………….8

Plaintiffs respectfully request this Court to deny Defendant's Motion for Certification of Order for Interlocutory Appeal. [Doc. 463]. Jacobs Engineering Group, Inc., ("Jacobs" or "Defendant") fails to meet its burden of showing this Court's February 28, 2019 Opinion and Order [Doc. 432] denying Defendant's Motion for New Trial [Doc. 439] and Motion for Judgment as a Matter of Law [Doc. 439] satisfies the minimum requirements for interlocutory appeal under 28 U.S.C. § 1292(b).

## ARGUMENT

This Court may only certify an order for interlocutory appeal if that order: (1) involves a controlling question of law for which there is (2) substantial grounds for difference of opinion, and (3) an immediate appeal of the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). "Review under § 1292(b) is granted sparingly and only in exceptional cases." *In Re City of Memphis,* 293 F.3d 345, 350 (6th Cir. 2002). *See also Kraus v. Bd. of Cty. Rd. Comm'rs for Kent Cty.,* 364 F.2d 919, 922 (6th Cir. 1966); *Equal Employment Opportunity Commission v. Dolgencorp, LLC,* 206 F.Supp.3d 1309, 1317 (E.D. Tenn. 2016). The party seeking to certify an order "has the burden of showing that exceptional circumstances exist warranting an interlocutory appeal." *Novacor Chemicals Inc. v. GAF Corp.,* 164 F.R.D. 640, 643-644 (E.D. Tenn. 1996) ("As a threshold matter, the Court notes that interlocutory appeals in the federal system are disfavored.") (citing *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368; *Sinclair v. Schriber*, 834 F. 2d 103, 105 (6th Cir. 1987)). "Attractive as it may be to refer difficult matters to a higher court for an advance decision, such a course of action is contrary to our system of jurisprudence." *Trollinger v. Tyson Foods, Inc*., No. 4:02–CV–23, 2006 WL 2868980, at * 3 (E.D. Tenn. Sept. 29, 2006) (citing *Gen. Acquisition, Inc. v. GenCorp*, 23 F.3d 1022, 1026 (6th Cir. 1994)). *See also Gieringer v. Cincinnati Ins. Cos*., 2010 WL 2572054, at *2 (E.D. Tenn. 2010).

1

The Sixth Circuit has also instructed that "[d]oubts regarding appealability should be resolved in favor of finding that the interlocutory order is not appealable." *United States v. Stone*, 53 F.3d 141, 143-44 (6th Cir. 1995) (internal citations omitted).

The U.S. Supreme Court has also explained that Congress "carefully confined the availability" of review under Section 1292(b) to exceedingly rare circumstances, seeking to prevent "the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 471 (1978). Other circuits agree. Thus, it is only in the "hen's-teeth rare" circumstance that interlocutory appeals under 28 U.S.C. § 1292(b) are properly accepted. *Camacho v. P.R. Ports Auth.,* 369 F.3d 570, 573 (1st Cir. 2004); *see also United States Rubber Co. v. Wright,* 359 F.2d 784, 785 (9th Cir. 1966) (Section 1292(b) reserved for "extraordinary cases" and "not merely intended to provide review of difficult rulings in hard cases").

Jacobs fails to meet this heavy burden. Its motion disregards the profound rarity of issues appropriate for interlocutory appeal and twists the Court's well-reasoned decision denying a new trial to contrive issues for immediate appeal. Having lost the Phase I jury trial and the motion for new trial, Jacobs seeks another bite at the apple by again raising unfounded constitutional issues to thwart the jury verdict, short circuiting the judicial process. Its latest attempt should be denied.

### I. The Court's Order Denying a New Trial Does Not Present a Controlling Question of Law Under 28 U.S.C. § 1292(b).

"A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis,* 293 F.3d 345, 351 (6th Cir. 2002) (citing *In re Baker & Getty Fin. Servs., Inc. v. Nat'l Union Fire Ins. Co.,* 954 F.2d 1169, 1172 n. 8 (6th Cir. 1992)). An example is when reversal of the District Court's Order would terminate the action. *Equal Emp't Opp. Comm. v. Dolgencorp, LLC*, 206 F.Supp.3d 1309, 1317 (E.D. Tenn. 2016). Obviously, that is not the case here.

The fact that a legal question is one of first impression, or that case law on an issue is "thin," is insufficient by itself to justify the granting of a request for interlocutory appeal. *Debakker v. Hanger Prosthetics & Orthotics East, Inc.*, 2010 WL 11520024, at *3 (E.D. Tenn. 2010); *United States v. Atlas Lederer Co.*, 174 F. Supp. 2d 666, 669 (S.D. Ohio 2001) ("[F]act that the Court addressed an issue of first impression in [a ruling] does nothing to demonstrate a substantial ground for difference of opinion as to the correctness of that ruling.") (citing *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (holding that "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.")).

"Interlocutory appeals are intended 'for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.'" *Sanderson Farms, Inc. v. Gasbarro,* 2007 WL 3402539, *3 (S.D. Ohio 2007) (quoting *In re Pilch,* 2007 WL 1686308, at *4 (W.D. Mich. 2007)). "An appeal that presents a mixed question of law and fact does not meet this standard." *In re Pilch* at *4. *See also In re ASC Inc.,* 386 B.R. 187, 196 (E.D. Mich. 2008). Further, "a legal question of the type envisioned in § 1292(b) ... generally does not include matters within the discretion of the trial court." *In re City of Memphis,* 293 F.3d at 351. Here, Defendant is essentially challenging this Court's application of law to the facts because of its own disagreement with the outcome rather than presenting a situation where there are substantial disputes as to the applicable law. Therefore, this factor of § 1292(b) are not satisfied. *Novacor Chemicals v. GAF Corp.*, 164 F.R.D. 640, 648 (E.D. Tenn. 1996); *Gieringer v. Cincinnati Ins. Cos.*, 2010 WL 2572054, at *3 (E.D. Tenn. 2010).

Jacobs argues that there are two controlling questions of law that warrant interlocutory appeal: "(1) when should a court intervene to avoid a potential violation of a party's Seventh

3

Amendment rights; and (2) whether a violation of the reexamination clause can be avoided by reconciling the verdicts of different juries." [Doc. 463, p. 2]. These do not satisfy the test for controlling questions of law.

First, they are not outcome determinative but more in the nature of procedural questions. These issues do not affect any substantive issue in the case in either Phase I or Phase II, and a decision by the Court of Appeals at this juncture would not affect the outcome of the case on the substantive issues that have been decided by the Court and the Phase I jury on immunity, duties, breaches of duties, and general causation.

Second, these issues were both secondary issues in the Court's decision denying a new trial. The primary finding was that "Phases I and II are sufficiently distinct that no reexamination will occur." [Doc. 462, p. 11]. The Court held that Phase II juries will not be charged with making any of the same determinations as the Phase I juries, "so strictly speaking, no factual finding of the Phase I jury will be reexamined by any other jury, […] the Phase I and Phase II issues do not overlap at all." [Doc. 462, p. 16].

Third, the two issues as stated by Jacobs misrepresent the Court's decision denying a new trial. The Court did not decide to postpone intervening to avoid a potential violation of Jacob's Seventh Amendment rights, as Jacobs suggests. Instead, the Court made it clear that there is no present Seventh Amendment issue and the potential for one cannot be determined until the Phase II trials. [Doc. 462, p. 3]. These conclusions support the applicable principle that speculative concerns at interlocutory stages are not suitable for appeal because the "case has not yet developed far enough to permit considered appellate disposition of the questions presented." 16 WRIGHT & MILLER § 3930 (3d. ed. 2012). Because "the nature of the…remedy is to be determined by the nature and scope of the constitutional violation," *Milliken v. Bradley,* 433 U.S. 267, 280 (1977)

4

(citing *Swann v. Charlotte-Mecklenburg Bd. of Educ.,* 402 U.S.1, 15 (1971)), this Court must first determine the "nature and scope" of Plaintiffs' alleged infringements of Jacobs' constitutional rights before it, or an appellate court, can assess the proper corresponding remedy, an inherently factual and speculative inquiry at this stage.

The Court readily distinguished the two cases Defendant relied upon in its motion for new trial and in its motion for an interlocutory appeal regarding the timing for recognizing and addressing a Seventh Amendment violation. [Doc. 462, pp. 13-15]. Defendant also attempted to distinguish *Martin v. Behr Dayton Thermal Prod. LLC*, 896 F. 3d 405 (6th Cir. 2018), which the Court relied upon for the prematurity of Jacobs' interlocutory appeal motion, because interlocutory appeal was rejected after class certification and before a trial on the general issues. However, the principle espoused in *Martin* is even stronger in the instant case, where the Court has been clear that only the distinct Phase II issues will be tried to Phase II juries.

Nor did the Court rest its decision denying the motion for new trial on a finding that it could reconcile the verdicts of different juries to avoid a Reexamination Clause problem. *See* [Doc. 464, p. 9]. The Court made it clear that a specific causation and damages verdict in Phase II where Defendant believes Plaintiff has not proven liability would not be a reexamination issue, but instead would present an issue, at worst, of inconsistent verdicts or failure of proof. [Doc. 462, p. 17].

Jacobs also argues that the Tennessee general verdict statute does not apply in a bifurcated case where a different jury will hear the second phase.[1] [Doc. 464, p. 14]. This is not a controlling

---

[1] Tenn. Code Ann. §§ 20-9-502 and 20-9-503 sustain the validity of general verdicts in cases of multiple claims for relief, even if there is lack of material evidence to support one or more claims, as long as the record contains material evidence supporting at least one of the claims. *Adkins v. Ford Motor Company,* 446 F.2d at 1108 ("Tennessee adheres to the rule that where more than one theory of recovery is submitted to the jury, and there is evidence to support one or more, but not all, of the theories, a general verdict should be construed to be attributable to the theory or theories supported by sufficient evidence and submitted free from error."); *Tutton v. Patterson,* 714 S.W.2d 268, 271 (Tenn. 1986); *Alex v. Armstrong,* 385 S.W. 2d 110, 115 (Tenn. 1964); *In re Estate of Marks,* 187 S.W.3d 21, 32 (Tenn. Ct.

5

issue of law, and deciding this question is not necessary for the Court to reject Jacobs' motion for interlocutory appeal. However, the Court can easily see that the authority cited by Jacobs does not support its argument. This is an incorrect representation of the controlling law. In *Ennix v. Clay*, 703 S.W. 2d 137, 139 (Tenn. 1986), the Supreme Court of Tennessee held that "a litigant has no constitutional right to have all controverted issues submitted to the jury at the same time" and that "[t]he decision whether or not to sever the issues for the jury must be left to the sound discretion of the trial judge." 703 S.W.2d at 139. Nowhere does this case require that the <u>same</u> jury hear both portions of a bifurcated trial; that was simply the situation at hand in that case. Neither does the Tennessee Circuit Court Practice Manual cited by the Defendant support this assertion. It merely explains the general verdict statute and how *Ennix* interacts with it. § 26:3. General verdicts, 2 Tenn. Cir. Ct. Prac. § 26:3.

Finally, issues of law are not controlling, where, as here, they are predicated on applying law to facts. *Novacor Chemicals v. GAF Corp.*, 164 F.R.D. 640, 648 (E.D. Tenn. 1996); *Gieringer v. Cincinnati Ins. Cos.*, 2010 WL 2572054, at *3 (E.D. Tenn. 2010). The whole argument about whether there is even a potential Reexamination Clause issue is based on factual allegations made by Defendant that are not part of the Phase I trial record. Jacobs' argument that Plaintiffs could secure a Phase II jury verdict based on conduct for which Jacobs was not held liable in Phase I relies on the alleged factual circumstances of two Plaintiffs whom they claim "could never recover." [Doc. 464, p. 13]. This assertion alone introduces mixed questions of fact and law that make it obvious Jacobs' issues are not controlling legal issues.

---

App. 2005); *Anderson v. Mason,* 141 S.W.3d 634, 640 (Tenn. Ct. App. 2003); *Valentine v. Conchemco, Inc.,* 588 S.W.2d 871, 877 (Tenn. Ct. App. 1979).

6

## II. There Are No Substantial Grounds for Differences of Opinion as to the Issues of Law Raised in Defendant's Motion.

While the Defendant's Motion should be denied solely based on its failure to meet its burden under factor one of 28 U.S.C. § 1292(b), it also fails as to the second factor. The second part of 28 U.S.C. § 1292(b) is related to the first: there must be a substantial ground for difference of opinion as to the law being applied in the case. Indeed, other district courts have explained that the element of "substantial ground for difference of opinion" requires more than mere disagreement with the district court's decision or an assertion that such decision was incorrect; rather, there must be genuine doubt as to the correct legal standard. *Gieringer v. Cincinnati Ins. Cos.*, 2010 WL 2572054, at *3 (E.D. Tenn. 2010). *See also Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Michigan*, No. 04–73400, 2009 WL 3390244 (E.D. Mich. Oct. 20, 2009) (noting "[s]erious doubt as to how an issue should be decided must exist in order for there to be substantial ground for difference of opinion."); *Hurley v. Deutsche Bank Trust Co. Americas,* No. 1:08–CV–361, 2009 WL 1067314, at *3 (W.D. Mich. Apr. 21, 2009) ("the substantial ground requirement has been characterized as genuine doubt or conflicting precedent as to the correct legal standard.");[2] *Wausau Bus. Ins. Co. v. Turner Constr. Co.,* 151 F.Supp.2d 488, 491 (S.D.N.Y. 2001); *Kapossy v. McGraw–Hill, Inc.,* 942 F.Supp. 996, 1001 (D.N.J. 1996).

Courts in the Sixth Circuit have found that a "substantial ground for difference of opinion" exists when:

> (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split ... on a question that the Sixth Circuit has not answered.

---

[2] As noted by the Sixth Circuit, "[a] substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017).

7

*Cingilli v. L2 Boards, LCC,* 2017 WL 6520534, at *1 (E.D. Tenn. 2017) (citing *In re Buccina*, 657 Fed. Appx. 350, 351-352 (6th Cir. 2016) (quoting *In re Miedzianowski,* 735 F.3d 383, 384 (6th Cir. 2013)).

None of these circumstances are present here. Jacobs asserts that reasonable minds could differ on whether the Court must take action now to remedy a speculative future Seventh Amendment reexamination clause violation. This Court clearly held that there is no Reexamination Clause issue at present, noting that the Sixth Circuit has on more than one occasion held that "if done properly, bifurcation will not raise any constitutional issues," *Martin v. Behr Dayton Thermal Prod. LLC*, 896 F. 3d 405 (6th Cir. 2018) (quoting *Olden v. LaFarge Corp.,* 383 F.3d 495, 509 n.6 (6th Cir. 2004)), and "[l]eading class action treatises agree," *Id*. (citing 2 Newberg on Class Actions § 4:92 (5th ed. 2010)). The Court has readily distinguished the cases cited by Defendant from other circuits.[3] [Doc. 462, pp. 13-15]. Not only is there no conflicting Sixth Circuit precedent, the question is not novel or difficult, and there is no genuine doubt as to the correct legal standard. [Doc. 464, pp. 3-11].

### III. An Interlocutory Appeal Would Not Advance the Ultimate Resolution of this Litigation

If Jacobs somehow convinces the Court the first two factors warrant an interlocutory appeal, the third factor clearly precludes an immediate appeal. The party seeking certification of an order must also show that an interlocutory appeal would materially advance the termination of

---

[3] The bifurcation cases cited by Jacobs resulted in obvious Seventh Amendment issues. *Blyden v. Mancusi,* 186 F.3d 252, 268–69 (2d Cir. 1999) (jury in second phase asked same question about reprisals against inmates in cruel and unusual punishment cases); *In re Rhone-Poulenc Rorer Inc.,* 51 F.3d 1293, 1302–04 (7th Cir. 1995) (novel mass tort procedure would have resulted in liability trial for special verdict in one court and complete trial, including liability, in another). Moreover, Jacobs cites to cases where a party's right to a jury trial was impeded upon as a situation in which accepting a petition for mandamus would be appropriate prior to the violation occurring. Jacobs again confuses the law by misunderstanding the differences between these two petitions for relief and conflating one provision of the Seventh Amendment with another. This is not a petition for mandamus, it is a request for interlocutory appeal, and the instant case presents no such concerns over Jacobs' right to be heard by a jury, as it is in fact being heard by two juries, as it requested.

the litigation. In order to satisfy this element, the petitioner "must establish that reversal of the underlying court decision would 'substantially alter the course of the district court proceedings or relieve the parties of significant burdens.'" *Cingilli v. L2 Boards, LCC,* 2017 WL 6520534, at *4 (E.D. Tenn. 2017) (citing *United States ex rel. Martin v. Life Care Centers of Am., Inc.,* 2014 WL 12638480, at *4 (E.D. Tenn. Nov. 24, 2014) (quoting *W. Tenn. Chapter of Associated Builders & Contractors, Inc.,* 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000)). "When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *In re City of Memphis,* 293 F.3d 345, 351 (6th Cir. 2002); *Equal Employment Opportunity Commission v. Dolgencorp, LLC,* 206 F.Supp.3d 1309, 1317 (E.D. Tenn. 2016).

Furthermore, interlocutory appeal is most appropriate early in the proceedings. By contrast, the role of interlocutory appeal is diminished when a case has already been through part of a trial and large expenditures have already been made. *Kelley v. Apria Healthcare, LLC,* 232 F.Supp.3d 983, 1005 (E.D.Tenn. 2017); *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis,* 138 F.Supp.2d 1015, 1026 (W.D. Tenn. 2000). *See also United States ex rel. Martin v. Life Care Centers of Am., Inc.,* 2014 WL 12638480, at *4 (E.D. Tenn. Nov. 24, 2014).

There exist no imaginable circumstances in which "interlocutory reversal might save time for the district court, and time and expense for the litigants." 16 WRIGHT & MILLER § 3930 (3d. ed. 2012). Jacobs requests that the Phase I verdict be vacated, and trial proceedings begin again. Regardless of the Court of Appeal's decision, the litigation would be conducted in substantially the same manner as it is being tried now. If Jacobs were to prevail on appeal, the Phase I trial would be tried over with, presumably, a new jury verdict form listing each of Jacobs' potential

breaches of duty.[4] The Phase II trials would then proceed in the same manner in which the Court will decide to conduct them without the appeal.

Granting the interlocutory appeal would result in years of delay in the resolution of these cases and require the parties and this Court to expend significantly more time and resources.[5] Then, after the interlocutory appeal and final judgments with each Phase II trial, there would be more appeals of the other issues decided in the case, which would create additional delay for the resolution of this case. This logic for granting the interlocutory appeal runs contrary to the letter and spirit of 28 U.S.C. § 1292(b).

## CONCLUSION

For the foregoing reasons, Defendant Jacobs Engineering Group, Inc., has failed to meet its burden for establishing the elements allowing this Court to certify an interlocutory appeal to the Sixth Circuit. Plaintiffs' respectfully request that this Court deny Jacobs' Motion for Certification of Interlocutory Appeal.

/s/ Gary A. Davis
Gary A. Davis, TN. Bar No. 009766
James S. Whitlock, NC Bar No. 34303
(*admission Pro Hac Vice*)
Davis & Whitlock, P.C.
21 Battery Park Ave., Suite 206
Asheville, NC 28801
T: (828) 622-0044
F: (828) 398-0435
gadavis@enviroattorney.com
jwhitlock@enviroattorney.com

James K. Scott

---

[4] Jacobs appears to argue for the first time that, if it prevails on appeal, instead of a new Phase I trial, the Court should conduct bellwether trials on "all elements." [Doc. 464 at 18]. Jacobs appears to be arguing against the very bifurcation of the issues that it was granted and in favor of trying liability and general causation for each Plaintiff over and over again.
[5] Jacobs' veiled threat to derail settlement negotiations if its appeal is not granted does not change this fact and makes Plaintiffs wonder whether Jacobs intends to mediate in good faith. [Doc. 464, p. 18].

10

Keith D. Stewart
John Tyler Roper
Market Street Law, PLLC
625 Market Street, 14th Floor
Knoxville, TN 37902
T: (865) 437-5081
F: (866) 542-1741
jimscott264@gmail.com
keithstewart@gmail.com
tylerroperlaw@gmail.com

John B. Dupree
616 W. Hill Ave, 2nd Floor
Knoxville, TN 37902
T: (865) 223-5184
john.dupree@knoxtnlaw.com

Jeffrey E. Friedman, Ala. Bar No. asb-6868-n77j
(admission *Pro Hac Vice*)
Friedman, Dazzio, Zulanas & Bowling, PC
3800 Corporate Woods Drive
Birmingham, AL 35242
T: (205) 278-7000
F: (205) 278-7001
jfriedman@friedman-lawyers.com

*Attorneys for Plaintiffs*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 25, 2019, a copy of the foregoing was filed electronically. Notice of filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access the filing through the Court's electronic filing system.

*/s/Gary A. Davis*
Attorney for Plaintiffs