# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# <u>AT KNOXVILLE</u>

| | | |
|---|---|---|
| GREG ADKISSON, et al., | ) | |
|     Plaintiffs, | ) | |
| v. | ) | No. 3:13-CV-00505-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | |
|     Defendant. | ) | *Lead case consolidated with* |
| _____ | ) | |
| KEVIN THOMPSON, et al., | ) | |
|     Plaintiffs, | ) | |
| v. | ) | No. 3:13-CV-00666-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | |
|     Defendant. | ) | |
| _____ | ) | |
| JOE CUNNINGHAM, et al., | ) | *as consolidated with* |
|     Plaintiffs, | ) | |
| v. | ) | No. 3:14-CV-00020-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | |
|     Defendant. | ) | |
| _____ | ) | |
| BILL ROSE, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 3:15-CV-00017-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | |
|     Defendant. | ) | |
| _____ | ) | |
| CRAIG WILKINSON, et al., | ) | |
|     Plaintiffs, | ) | |
| v. | ) | No.: 3:15-CV-00274-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | |
|     Defendant. | ) | |
| _____ | ) | |
| ANGIE SHELTON, as wife and next of kin | ) | |
| on behalf of Mike Shelton, et al., | ) | |
|     Plaintiffs, | ) | |
| v. | ) | No.: 3:15-CV-00420-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | |
|     Defendant. | ) | |
| _____ | ) | |
| JOHNNY CHURCH, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No.: 3:15-CV-00460-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | |
|     Defendant. | ) | |

| | )  | |
|---|---|---|
| DONALD R. VANGUILDER, JR., | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 3:15-CV-00462-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | |
|     Defendant. | ) | |
| | ) | |
| JUDY IVENS, as sister and next of kin, | ) | |
| on behalf of JEAN NANCE, deceased, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 3:16-CV-00635-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | |
|     Defendant. | ) | |
| | ) | |
| PAUL RANDY FARROW, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 3:16-CV-00636-TAV-HBG |
| JACOBS ENGINEERING GROUP, INC., | ) | |
|     Defendant. | ) | |
| | ) | |

**PROTECTIVE ORDER**

This matter comes before the Court on joint motion and stipulation by Plaintiffs Greg Adkisson et al. and Defendant Jacobs Engineering Group, Inc. ("Jacobs") (all parties collectively the "Parties" and individually a "Party"). Pursuant to Rule 26 of the Federal Rules of Civil Procedure and consistent with applicable law, and for good cause shown, the Court enters the following stipulated protective order ("Protective Order").

The Parties acknowledge that this Protective Order governs disclosure and discovery activity in *Greg Adkisson et al. v. Jacobs Engineering Group*, No. 3:13-cv-00505 (E.D. Tenn.) (the "Action"). This Protective Order shall apply to all cases currently consolidated in the Action and to all related actions that have been or will be originally filed in or transferred to this Court and assigned thereto. This Protective Order is binding on all parties and their counsel in all cases

currently pending or subsequently made part of these proceedings, and shall govern each case in the proceeding.

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. To file such information under seal, a party must follow the procedures required by this Court and as set forth below in this Order. *See* E.D. Tenn. Local Rule 26.2(a)–(b) (Sealing of Court Records); Electronic Case Filing Rules & Procedures, E.D. Tenn., Rule 12.2 (Sealed Documents).

The purpose of this Protective Order is to limit the use of information exchanged during the discovery, mediation, and settlement-discussion process, and in submissions to the Court. The Parties agree that good cause exists for this Protective Order to preserve the legitimate proprietary and privacy interests of sources of information that have not been released to the public and which the Parties may seek production of through their respective discovery requests. The Court specifically finds that good cause exists for this Protective Order.

**SCOPE**

1.  This Protective Order shall govern the disclosure and use of confidential documents and information produced in connection with this Action as well as the disclosure of privileged

information. All information which has been designated Confidential or Attorneys' Eyes Only Information in accordance with the terms discussed herein shall be used solely for the prosecution or defense of this Action unless the information is available to the general public or through sources other than the Parties without a breach of the terms of this Protective Order. The measures designated by the Parties in this Protective Order are reasonable and, at this time, are not anticipated to prejudice anyone or unduly burden the Court.

2. This Protective Order is intended to preserve and maintain the confidentiality of documents, information, discovery responses, deposition testimony, and other produced materials, including Electronically Stored Information, that contain Confidential or Attorneys' Eyes Only Information, either because they are protected by privacy rights or because they contain sensitive, proprietary information belonging to Plaintiffs or Jacobs.

3. By entering into this Protective Order, the Parties do not intend to waive any objections—including as to discoverability, admissibility, or authenticity of Confidential or Attorneys' Eyes Only documents or information—nor does this Protective Order in any way obligate any Party to produce any specific information, documents, or records which a Party deems inappropriate for production.

4. The agreement of the Parties to this Protective Order shall not be construed as an agreement or admission: (i) that any material or document designated as Confidential or Attorneys' Eyes Only is, in fact, properly designated; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as Confidential or Attorneys' Eyes Only; or (iii) with respect to the relevance, admissibility, authenticity, competency, or materiality of any document or thing designated as Confidential or Attorneys' Eyes Only.

## PRIVILEGED INFORMATION

5.  Some of the documents and information related to this Action may contain attorney-client privileged communications, attorney work product, or other information protected as "privileged" under the applicable law and not subject to discovery under applicable law ("Privileged Information").

6.  The inadvertent disclosure of any document by either Party in this Action—through material, electronic, or any other means—which is subject to a legitimate claim that the document should have been withheld from disclosure as Privileged Information, and for which no express intention to affirmatively waive the privilege has been stated, shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing Party, upon becoming aware of the disclosure, promptly requests its return. Each Party shall take reasonable precautions to avoid the inadvertent disclosure of Privileged Information.

7.  Except in the event that the requesting Party disputes the claim, any document which the producing Party produced in this Action and deems to contain inadvertently disclosed Privileged Information shall be, upon written request, returned to the producing Party or destroyed at the producing Party's option within five (5) business days of receipt of the request. This includes all copies, electronic or otherwise, of any such documents, as well as those copies that were provided by the requesting Party to any other parties or non-parties (including, but not limited to, vendors who may have performed services at the direction of the requesting Party). In the event that the producing Party requests destruction, the requesting Party shall provide written certification of compliance within ten (10) days of such written request.

8. In the event that the requesting Party disputes the producing Party's claim as to the protected nature of the inadvertently disclosed information, a single set of copies may be sequestered and retained by and under the control of the requesting Party for the sole purpose of seeking court determination of the issue pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

9. Any such Privileged Information inadvertently disclosed by the producing Party to the requesting Party shall be and remain the property of the producing Party.

## CONFIDENTIAL INFORMATION

**A.  Designation of Confidential Information**

10. "Confidential" Information or Items is information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). Any Party or non-party may designate as Confidential any document or response to discovery which that Party or non-party considers to contain any non-public material which the producing party handles in a confidential manner, and in good faith believes is entitled to protection pursuant to applicable law, and (i) consists of previously undisclosed financial information, (ii) previously undisclosed information of a personal or intimate nature; (iii) previously undisclosed business information, (iv) medical information, or (v) information that will, if disclosed, potentially have the effect of causing harm to the producing party's competitive position.

11. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are

not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

12. Any Party or non-party may designate as Confidential pursuant to this Protective Order any originals and copies of documents, writings, materials, discovery responses, deposition testimony, or things, of any kind (including without limitation materials electronically stored or generated and graphic materials of any type) produced or obtained in discovery, whether from a Party or non-party by marking it Confidential, and informing the other Party in writing. Material designated as Confidential includes all copies as well as any work product containing information derived from such material (for example, briefs submitted to the Court, charts or memos created by attorneys summarizing or analyzing the contents of Confidential materials). The Parties will use good faith in making such designations. Each page designated as Confidential shall bear either a stamp designating the relevant page "Confidential" or an appropriate confidentiality legend.

13. Except with the prior written consent of the Party originally designating a document or discovery response as Confidential, or as hereinafter provided in Paragraph 14, Confidential Information may not be disclosed to any person not associated with this Action. Documents or information designated as Confidential may be used solely for the purpose of this litigation.

**B.      Permissible Disclosures of Confidential Information or Confidential Documents**

14. Notwithstanding Paragraph 13, Confidential Information may be disclosed to the following persons, but only to the extent necessary for this litigation:

(a)    counsel for the respective Parties to this litigation, including in-house counsel;

(b) employees of such counsel acting at the direction of counsel, and assigned to and necessary to assist such counsel in the preparation or trial of this Action;

(c) Plaintiffs (to the extent deemed necessary by counsel for the prosecution of this litigation);

(d) Jacobs and its representatives or insurers or indemnitors (to the extent deemed necessary by counsel for the defense in this Action);

(e) consultants, expert witnesses, mock jurors or focus group members, or agents retained by the Parties or their counsel for this litigation;

(f) any authors or recipients of the Confidential Information;

(g) any person to whom the Confidential Information belongs or relates;

(h) the Court, Court personnel, and any court reporter used during depositions;

(i) mediator(s) retained by the Parties, including any agent of the mediator(s); or

(j) fact witnesses not covered in Paragraph 14(a)–(g).

Prior to showing or giving a person described in Paragraphs 14(b), (c), (e), (f), (g), and (j) and Paragraph 24(a) (with the exception of the counsel referred to in Paragraph 24(a)) Confidential Information, such person shall be provided a copy of this Protective Order, be informed of its contents, and execute a copy of the Acknowledgment annexed to this Protective Order as Exhibit A. Persons shown Confidential Information shall not use the Confidential Information for any purpose unrelated to this litigation.

The signed originals of each Acknowledgement obtained by Plaintiffs shall be kept by Plaintiffs' counsel and provided to counsel for Jacobs within ten (10) days of execution. In the case of consulting experts, the signed Acknowledgment shall be maintained by Plaintiffs' counsel and provided to counsel for Jacobs by the earlier of (a) ten (10) days after the consulting expert is

designated as a testifying expert in this Action or (b) thirty (30) days after the final termination of this Action (the earlier of execution of a settlement agreement or entry of judgment) if the consulting expert is not so designated.

The parties may revisit the provisions of this paragraph and request appropriate relief from the Court from these provisions should they, in practice, demonstrate to be unworkable or impose an unnecessary impediment to the process of this litigation.

C.  **Objections to Confidential Information**

15. In the event the non-designating Party disagrees with the designation by the producing Party of any Confidential Information, the objecting Party must notify the designating Party, in writing, of its objection that the designation does not comport with the standards set forth in this Protective Order or the law of this Court. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. If the Parties fail to resolve such dispute informally within fourteen (14) days of the objecting Party's written notice, the objecting Party may file a motion with the Court within twenty-eight (28) days of the objecting Party's written notice, or make other informal application to the Court on notice to all Parties, to determine the propriety of the designation. However, if the non-designating Party does not object to the designation by the producing Party, the non-designating Party does not waive its right to object to any motion to seal documents containing the Confidential Information if such information is ultimately filed with the Court.

16. The information designated as Confidential that is the subject of such motion or informal application shall be treated in accordance with its confidential designation pending the Court's decision, and any appeals or writs from the Court's decision. The designating Party bears the burden of proof that such information is in fact Confidential. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**D.     Confidential Information in Depositions and Written Discovery**

17. A Party or non-party may designate information disclosed during a deposition or in response to written discovery as Confidential Information by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. The court reporter shall include the appropriate confidentiality legend on any transcript, testimony, or exhibit so designated by a Party at the time of the deposition and separately bind any confidential portions. Additionally, a Party may designate in writing, within thirty (30) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific portions of the transcript be treated as Confidential Information. All deposition transcripts shall be treated as Confidential for thirty (30) days after all Parties have received such deposition transcripts to allow time for the Parties to make their Confidential designations. Any other Party or non-party may object to such proposal, in writing or on the record during the deposition. Upon such objection, the procedures described in Paragraphs 15 and 16 above shall apply. After any designation made according to the procedure set forth in this paragraph, the designated information

shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraphs 15 and 16 above, and counsel for all Parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

**E.     Confidential Documents in Legal Proceedings**

18.     Documents containing Confidential Information may be filed with the Court under seal, pursuant to the Court's specific procedure:

> Court Records or portions thereof shall not be placed under seal unless and except to the extent that the person seeking the sealing thereof shall have first obtained, for good cause shown, an order of the Court specifying those Court Records, categories of Court Records, or portions thereof which shall be placed under seal; provided however, documents that are the subject of a motion to seal may be temporarily placed in the court record under seal pending a ruling on the motion. Unless the Court orders otherwise, the parties shall file with the Court redacted versions of any Court Record where only a portion thereof is to be placed under seal.

Local Rules 26.2(b). If the party making the filing also designated the document or information as Confidential, the party must justify the designation in a motion to the Court. *See* ECF Rule 12.2, *supra*. If the party making the filing was not the party who designated the document or information as Confidential, then in its motion to the Court the party shall cite to this Protective Order as the reason for filing the document or information under seal or in redacted form. It shall then be incumbent on the party who so designated the document or information as Confidential to file with the Court, within ten (10) business days of the filing of the motion to file under seal, a response justifying the document or information remaining under seal, or not. Should the designating party fail to respond, the motion to file under seal will be denied.

19. The use of Confidential Documents or Information at trial or hearing shall be addressed in any pre-trial or pre-hearing order or by a stipulation submitted by the Parties to comport with the Court's pre-trial or pre-hearing filing deadlines.

## ATTORNEYS' EYES ONLY INFORMATION

**A.      Designation of Attorneys' Eyes Only Information**

20. The Parties anticipate that going forward discovery in this Action may involve disclosure of especially sensitive information. Therefore, any Party or non-party may designate as Attorneys' Eyes Only any document or response to discovery which that Party or non-party considers in good faith to contain Confidential Information having commercial, strategic business, or competitive value to the Producing Party or others, and thereby requiring that disclosure of such Attorneys' Eyes Only Information in this Litigation be limited to those persons set forth in Paragraph 24 herein.

21. Any Party or non-party may designate as Attorneys' Eyes Only pursuant to this Protective Order any originals and copies of documents, writings, materials, discovery responses, deposition testimony, or things, of any kind (including without limitation materials electronically stored or generated and graphic materials of any type) produced or obtained in discovery, whether from a Party or non-party by marking it Attorneys' Eyes Only, and informing the other Party in writing. Material designated as Attorneys' Eyes Only includes all copies as well as any work product containing information derived from such material (for example, briefs submitted to the Court, charts, or memos created by attorneys summarizing or analyzing the contents of Attorneys' Eyes Only materials). The Parties will use good faith in making such designations.

22. Documents or information may be designated Attorneys' Eyes Only by stamping the relevant page with the designation "Attorneys' Eyes Only."

23. Except with the prior written consent of the Party originally designating a document or discovery response as Attorneys' Eyes Only, or as hereinafter provided under Paragraph 24 of this Order, Attorneys' Eyes Only may not be disclosed to any person that is not legal counsel to one of the Parties in this Action. Documents or information designated as Attorneys' Eyes Only may be used solely for purposes of this litigation.

**B.  Permissible Disclosures of Attorneys' Eyes Only Information**

24. Notwithstanding Paragraph 34, Attorneys' Eyes Only information may be disclosed to the following persons, but only to the extent necessary for this litigation:

(a) counsel for the respective Parties to this litigation, including their assistants, associates, paralegals, clerks, and stenographic personnel;

(b) in-house counsel for Jacobs who are directly participating in the Action, including in-house counsel's paralegals, assistants, secretaries, and clerical staff;

(c) the Court, Court personnel, and any court reporter used during depositions; or

(d) mediator(s) retained by the Parties, including any agent of the mediator(s).

The parties may revisit the provisions of this paragraph and request appropriate relief from the Court from these provisions should they, in practice, demonstrate to be unworkable or impose an unnecessary impediment to the process of this litigation.

**C.  Objections to Attorneys' Eyes Only Information**

25. The procedures relating to challenging the designation of Attorneys' Eyes Only material and the designation of deposition testimony as Attorneys' Eyes Only shall be the same as those set forth in Paragraphs 15 and 16 of this Protective Order.

**D.     Attorneys' Eyes Only Information in Depositions and Written Discovery**

26.    The procedures relating to using Attorneys' Eyes Only material in depositions and written discovery shall be the same as those set forth in Paragraph 17.

**E.     Attorneys' Eyes Only Information in Legal Proceedings**

27.    The procedures relating to using Attorneys' Eyes Only material in legal proceedings shall be the same as those set forth in Paragraphs 18 and 19.

### INADVERTENT DISCLOSURE

28.    In the event that a Party or non-party inadvertently discloses Confidential or Attorneys' Eyes Only Information without the proper designation, that Party or non-party may request confidential or attorneys' eyes only treatment of such information or documents by submitting written notice to opposing counsel promptly after the discovery of the inadvertent disclosure.  Upon receipt of such notice, counsel shall be responsible for marking all previously unmarked copies of the designated material in their possession or control or in the possession or control of any persons identified in Paragraphs 14, 24, or 35 to whom they have disclosed such copies.  To the extent the receiving Party disagrees with the designation, the Parties shall follow the procedure set forth in Paragraphs 15 and 16.

### SUBPOENAS OF CONFIDENTIAL/ATTORNEYS' EYES ONLY DOCUMENTS/INFORMATION

29.    If at any time any document or information protected by this Protective Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require production of such information, the Party to whom the subpoena or request is directed shall give written notice of the demand within two (2) business days to the Party or non-party that designated the information Confidential or Attorneys' Eyes Only Information.  The Party receiving the subpoena or request shall advise the Party serving the

subpoena or request of the existence of this Order. The Party receiving the subpoena will not produce the requested materials until the last date for production, if no motion to quash or for a protective order is filed, and if such a motion is filed, not until and unless ordered to do so by a court or other judicial body with authority to issue such an order.

## LIMITATIONS ON USE

30. Confidential or Attorneys' Eyes Only Information shall not be exhibited, disseminated, copied, or in any way communicated to anyone (including, but not limited to, any member of the press) for any purpose whatsoever, other than in conjunction with the Action. Except as provided for in this Protective Order, the Parties shall keep all documents or information covered by the terms of this Protective Order from all persons as provided for by the terms of this agreement.

31. Nothing in this Protective Order shall be construed as precluding a Party from seeking additional protection from the Court against the disclosure or production of any other confidential information, including an order that such information not be disclosed or that it be disclosed only in a designated manner.

32. Nothing in this Protective Order precludes or limits a Party from viewing, using, or disclosing its own information, however designated.

33. Nothing shall prevent disclosure beyond the terms of this Protective Order if any Party expressly consents to such disclosure of its Confidential or Attorneys' Eyes Only documents, either in writing or in the record of any proceeding in this litigation.

34. The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Parties

prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

35. Nothing in this Protective Order precludes or limits a party from designating, pursuant to the terms of this Protective Order, as Confidential or Attorneys' Eyes Only material subject to prior discovery or production in this Action. The Parties may designate such material as Confidential or Attorneys' Eyes Only on an ongoing basis.

## TERMINATION OF PROCEEDINGS

36. All provisions of this Order restricting the communication or use of Confidential or Attorneys' Eyes Only information shall continue to be binding after the conclusion of this Action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a Party in the possession of designated information, other than that which is contained in unsealed pleadings, correspondence, and deposition transcripts, shall either (a) return such information no later than thirty (30) days after conclusion of this Action or any appeal to counsel for the Party who provided such information, or (b) destroy such information within thirty (30) days after conclusion of this Action or any appeal, upon consent of the Party who provided the information and certify in writing within thirty (30) days that the information has been destroyed. The information referred to in this paragraph shall include Confidential Information, whether said material is in counsel's possession or in the possession of any authorized person to whom counsel disclosed such material. Additionally, at the conclusion of this thirty (30) day period identified above, Plaintiffs' counsel shall provide to counsel for Jacobs each and every executed Acknowledgement concerning the return of Confidential Information.

## MODIFICATION PERMITTED

37. Nothing in this Protective Order shall prevent any Party from seeking modification of the terms of this Order or from objecting to discovery that it believes to be otherwise improper.

## RESPONSIBILITY OF ATTORNEYS

38. The counsel for the Parties are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of Confidential or Attorneys' Eyes Only Information.

39. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of any Confidential or Attorneys' Eyes Only Information.

IT IS SO ORDERED this __31st__ day of May, 2019

_____
The Honorable Thomas A. Varlan
United States District Judge

ACCEPTED AND AGREED:

By: /s/ Gary A. Davis  
    Gary A. Davis, TN. Bar No. 009766  
    James S. Whitlock, NC Bar No. 34303  
    (*pro hac vice*)  
**DAVIS & WHITLOCK, P.C.**  
21 Battery Park Ave., Suite 206  
Asheville, NC 28801  
T: (828) 622-0044  
F: (828) 398-0435  
gadavis@enviroattorney.com  
jwhitlock@enviroattorney.com  

Jeffrey E. Friedman  
Ala. Bar No. asb-6868-n77j (*pro hac vice*)  
**FRIEDMAN, DAZZIO, ZULANAS & BOWLING, PC**  
3800 Corporate Woods Drive  
Birmingham, AL 35242  
T: (205) 278-7000  
F: (205) 278-7001  
jfriedman@friedman-lawyers.com  

James K. Scott  
Keith D. Stewart  
John Tyler Roper  
**MARKET STREET LAW, PLLC**  
625 Market Street, 14th Floor  
Knoxville, TN 37902  
T: (865) 437-5081  
F: (865) 437-1741  
Jimscott264@gmail.com  
keithstewart@gmail.com  
tylerroperlaw@gmail.com  

John B. Dupree  
616 W. Hill Ave., 2nd Floor  
Knoxville, TN 37902  
T: (865) 223-5184  
john.dupree@knoxtnlaw.com  

*Attorneys for Plaintiffs*

By: /s/ James F. Sanders  
    James F. Sanders (No. 005267)  
    J. Isaac Sanders (No. 029372)  
    Marie T. Scott (No. 032771)  
**NEAL & HARWELL, PLC**  
1201 Demonbreun Street, Suite 1000  
Nashville, Tennessee 37203  
Telephone: (615) 244-1713  
Facsimile: (615) 726-0573  
jsanders@nealharwell.com  
isanders@nealharwell.com  
mscott@nealharwell.com  

Theodore J. Boutrous, Jr. (*pro hac vice*)  
Theane Evangelis (*pro hac vice*)  
Jeremy S. Smith (*pro hac vice*)  
**GIBSON, DUNN & CRUTCHER LLP**  
333 South Grand Avenue  
Los Angeles, California 90071-3197  
Telephone: (213) 229-7000  
Facsimile: (213) 229-7520  
tboutrous@gibsondunn.com  
tevangelis@gibsondunn.com  
jssmith@gibsondunn.com  

*Attorneys for Defendant*  
*Jacobs Engineering Group, Inc.*

# EXHIBIT A – ACKNOWLEDGEMENT

State of _____

County of _____

1. My name is _____. I live at _____.

I am employed as _____ by _____.

2. I am aware that a Protective Order has been entered in *Greg Adkisson et al. v. Jacobs Engineering Group*, Case No. 3:13-cv-00505, and a copy of that Protective Order has been given to me.

3. I promise that I will use the Confidential or Attorneys' Eyes Only material as defined under the Protective Order and abide by the provisions of the Protective Order.

4. I promise that I will not disclose or discuss such Confidential or Attorneys' Eyes Only material with any person other than counsel of record for the Parties or members of their staff who are actively engaged in the preparation of this Action as deemed necessary by said counsel for the defense or prosecution of the Action.

5. I understand that I am prohibited by the terms of the Protective Order from entering any Confidential or Attorneys' Eyes Only material onto any electronic storage system, other than a compact disc or external hard drive, unless I am doing so in connection with directly assisting counsel to prepare for litigation. Specifically, I am prohibited from entering any confidential material onto a computer database and/or a computer hard drive.

6. I promise that I will not attempt or assist in any attempt to seek permission from any other court to access Confidential or Attorneys' Eyes Only material produced in this Action for use in other litigation or for any other purpose.

7. I understand that any use of the Confidential or Attorneys' Eyes Only material in any manner contrary to the provisions of the Protective Order or this Acknowledgement may subject me to sanctions by this Court, and I agree to the jurisdiction of this Court to enforce such an order.

8. I expressly consent to the jurisdiction of this Court with respect to matters within the scope of the Protective Order.

9. I understand that violating the terms of the Protective Order or this Acknowledgement could result in civil sanctions levied by the Court, as well as criminal penalties.

10. Within thirty (30) days of final termination of this action (the earlier of execution of a settlement agreement or entry of Judgment), I will return to the counsel of record that provided me the Confidential or Attorneys' Eyes Only material all material still in my possession. I promise that under no circumstances will I retain any originals or duplicate of any Confidential or Attorneys' Eyes Only material. I assume all responsibility for returning the Confidential or Attorneys' Eyes Only material to the counsel of record as set forth herein, and I bear all risks associated with purported loss, destruction, or inadvertent disclosure of such material that has been entrusted to my care. My failure to return all Confidential or Attorneys' Eyes Only material will be deemed a disclosure of the information in violation of the Protective Order and this Acknowledgment, which may subject me to sanctions. I expressly agree to pay all reasonable attorneys' fees, costs, and expenses associated with the enforcement of this paragraph in order to obtain my compliance with it, in addition to any sanctions the Court may impose.

Date:_____     Signed:_____