No. 19-5508

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 13, 2019
DEBORAH S. HUNT, Clerk

In re: JACOBS ENGINEERING GROUP, INC.,   )
                                          )     O R D E R
       Petitioner.                        )

Before: SILER, COOK, and NALBANDIAN, Circuit Judges.

Defendant, Jacobs Engineering Group, Inc. ("Jacobs"), petitions the court for a writ of mandamus. Jacobs argues the writ should be issued because, without mandamus relief and without the Phase I trial verdict being vacated, its Seventh Amendment rights will be violated. At the request of the court, Plaintiffs submitted a response in opposition to the petition. Jacobs moves for leave to file a reply to the response. Despite the opposition of Plaintiffs, we will permit the filing of the reply.

"Mandamus is a drastic remedy that should be invoked only in extraordinary cases where there is a clear and indisputable right to the relief sought." *United States v. Young*, 424 F.3d 499, 504 (6th Cir. 2005). Mandamus is not intended to be a substitute for an appeal after final judgment, and relief in mandamus generally is not available where a party has other, adequate means to obtain the relief sought. *See In re Prof'ls Direct Ins. Co.*, 578 F.3d 432, 437 (6th Cir. 2009). To determine if relief in mandamus is proper, the court balances five factors. The court

> examine[s] whether: (1) the party seeking the writ has no other adequate means, such as direct appeal, to attain the relief desired; (2) the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) the district court's order is clearly erroneous as a matter of law; (4) the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) the district

court's order raises new and important problems, or issues of law of first impression.

*John B. v. Goetz*, 531 F.3d 448, 457 (6th Cir. 2008).

Both the first and second factors weigh in favor of denial of mandamus. Jacobs has an adequate remedy of a direct appeal upon the entry of a final judgment. The remedy available to Jacobs is an "appeal to review the action of the District Court when a final appealable order ha[s] been entered in the case." *Hotel Corp. of Cleveland v. U.S. Dist. Court for N.D. of Ohio E. Div.*, 283 F.2d 470, 471 (6th Cir. 1960) (per curiam); *see also In re Prof'ls Direct Ins. Co.*, 578 F.3d at 437. Jacobs has not shown it will suffer any irreparable harm in the absence of immediate review.

The third factor, whether the district court's order is clearly erroneous as a matter of law, also weighs in favor of denial. Jacobs is required to demonstrate a "clear abuse of discretion" by the lower court for mandamus to be warranted. *In re Metro. Gov't of Nashville & Davidson Cty.*, 606 F.3d 855, 863 (6th Cir. 2010). Abuse of discretion requires the appellate court to hold "a definite and firm conviction that the court below committed a clear error of judgment[.]" *Balani v. INS*, 669 F.2d 1157, 1160 (6th Cir. 1982) (citations omitted). Jacobs challenges the jury instructions and bifurcation; however, it has not shown a clear abuse of discretion by the district court.

The fourth factor, oft-repeated error, does not weigh in favor of granting or denying the writ. The final factor, regarding the Seventh Amendment issue resulting from bifurcation may be an issue of first impression since it has not been thoroughly litigated in federal court; thus, it supports the petition.

Consideration of the five factors illustrates that Jacobs has not met the heavy burden required for the extraordinary relief of mandamus.

The motion for leave to file a reply is **GRANTED**. The petition for a writ of mandamus is **DENIED**.

NALBANDIAN, J., concurring.

Although I am troubled somewhat by how this case is proceeding, I concur in the denial of mandamus. The district court is well aware of the serious concerns that Jacobs has raised—and will presumably take them into account as the case moves forward to avoid any Seventh Amendment problems. If not, Jacobs can appeal to this Court, at the appropriate time, and challenge any negative result.

Jacobs is correct that some courts have recognized that vindicating Seventh Amendment problems can justify a grant of mandamus even where traditional means of vindicating those rights are available. *See, e.g.*, *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472 (1962); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 511 (1959); *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995). Indeed, some courts go so far as to say that a Seventh Amendment violation is itself so extraordinary that we need not balance the traditional mandamus factors to grant relief. *See In re Cty. of Orange*, 784 F.3d 520, 526 (9th Cir. 2015); *see also Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 658 (6th Cir. 1996) (recognizing that reasoning). But other courts persuasively disagree, explaining that the typical high standards required for the issuance of mandamus should apply even where Seventh Amendment rights are implicated. *See First Nat. Bank of Waukesha v. Warren*, 796 F.2d 999, 1102–06 (7th Cir. 1986) (explaining that the Supreme Court decisions in *Dairy Queen* and *Beacon Theatres* can be reconciled with traditional notions of mandamus); *Stebbins v. Stebbins*, 673 A.2d 184, 192 (D.C. 1996). *See also Kamen v. Nordberg*, 485 U.S. 939, 939–40 (White, J., dissenting) (noting split in circuits on when mandamus should issue to review an order denying a claimed right to trial by jury).

One of our older cases appears to follow the more permissive view. *Black v. Boyd*, 248 F.2d 156, 160–161 (6th Cir. 1957). That case concerned whether a jury was warranted based on a dispute over whether the relevant claim was equitable or legal. *Id.* at 161–62; *see also Golden*, 73

F.3d at 659 (same). Here, however, Jacobs is not claiming a denial of its right to a jury trial completely—but instead, of what amounts to a denial of its Seventh Amendment rights under the Reexamination clause. That seems to be a slightly different question, but a consequential one, given that the court is being asked to stray from application of its traditional mandamus standards.

But here, even if we follow Jacobs' preferred line of cases, I don't believe that the concerns Jacobs raises amount to a wholesale denial of its Seventh Amendment rights. To be sure, I have questions about how Plaintiffs are going to prove that Jacobs caused specific diseases in individual Plaintiffs without reexamining evidence about what duties Jacobs owed (and breached)—and whether a particular breach caused Plaintiff's specific disease. In other words, I'm skeptical that the verdict from Phase I, (*see* R. 408), does anything other than establish general causation between coal-ash exposure and the ten diseases listed on the verdict form. *See Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676–77 (6th Cir. 2011) (discussing general and specific causation in a toxic-tort context). But in my mind, that's a more traditional argument about the sufficiency of Plaintiffs' proof. And that's a problem this Court can address in the normal course.

                                       ENTERED BY ORDER OF THE COURT

                                       Deborah S. Hunt, Clerk

## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: August 13, 2019

Mr. Theodore J. Boutrous, Jr.
Gibson Dunn
333 S. Grand Avenue
Los Angeles, CA 90071

Mr. Gary A. Davis
Law Office
21 Battery Park Avenue
Suite 206
Ashville, NC 28801

Re: Case No. 19-5508, *In re: Jacobs Engineering Group, Inc*
Originating Case No. : 3:13-cv-00505 : 3:13-cv-00666 : 3:14-cv-00020 : 3:15-cv-00017 : 3:15-cv-00274 : 3:15-cv-00420 : 3:15-cv-00460 : 3:15-cv-00462 : 3:16-cv-00635 : 3:16-cv-00636

Dear Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Karen S. Fultz
Case Manager
Direct Dial No. 513-564-7036

cc:  Ms. Theane Diana Evangelis
     Mr. John L. Medearis

Enclosure

Mandate to issue